[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12652

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORATIN PERTIL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 1:06-cr-20791-KMM-8

_____

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Oratin Pertil appeals *pro se* the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that the district court erred in finding that he failed to exhaust his administrative remedies.  He argues that he attached to his motion an unsigned document to the warden requesting compassionate release that received no response after 30 days.  In response, the Government asserted, without filing any supporting documentation, that it had "reached out to the [Bureau of Prisons ("BOP")] to inquire whether Pertil submitted an administrative request for compassionate release and was informed that Pertil had not yet done so."  The Government stated that it had "reached out to the BOP multiple times regarding Pertil's administrative exhaustion efforts" and that, "[o]n all occasions, . . . the BOP informed the [Government] that Pertil [had] not submitted a request for compassionate release."

District courts lack the inherent authority to modify a term of imprisonment but may do so within § 3582(c)'s provisions. 18 U.S.C. § 3582(c); *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020).  Section 3582(c) now provides, in relevant part, that:

> the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant

> has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).  Thus, a defendant can file a motion for compassionate release in a district court only after he has exhausted his administrative remedies and the BOP has refused to bring the motion or if the BOP fails to answer the defendant's request within 30 days.  *Id.*

The district court, after reviewing Pertil's motion, determined that his attached documentation provided "no indication that [his request for compassionate release] was submitted to the BOP."  It noted that Pertil's submitted document "contain[ed] no signature by any BOP staff member in the 'signature staff member' section" and that it did not "contain any remarks by a BOP staff member in the 'disposition' section."  Accordingly, the court concluded that the document did "not show that [Pertil's] request ever reached the warden."  The court then determined that Pertil had failed to provide evidence that he had complied with

§ 3582(c)(1)(A)'s exhaustion requirement, so it denied his compassionate release motion while preserving Pertil's ability to refile and show "that his claim is properly exhausted."

We review *de novo* "determinations about a defendant's eligibility for a Section 3582(c) sentence reduction." *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). Here, we agree with the district court's determination that Pertil had not exhausted his administrative remedies. As noted by the district court, the one-page "Inmate Request to Staff" that Pertil submitted does not indicate that he ever sent this document to the warden or that the warden ever received it. Pertil argues on appeal that the district court incorrectly relied upon the fact that his documentation "did not bear any signature by prison staff" because "[t]he district court was certainly aware" that the BOP "routinely . . . provides responses to compassionate release requests and Inmate Request to Staff Members in the form of a separate document—not in the space provided for such a response on the form submitted." But even if we take this assertion as true, Pertil did not provide any evidence—let alone a "separate document" from the BOP—showing that the warden or the BOP received or considered his request for compassionate release.

Pertil also argues that the district court clearly erred because it based its decision "only on an unsupported claim by the Government" that the BOP said that Pertil had not submitted a compassionate release request. That is not so. The district court merely noted that "[t]he Government asserts that the request that is

attached to [Pertil's] Motion was not filed in the BOP's system and, therefore, the Warden has not had a chance to review it." The court then, as mentioned above, based its decision on the fact that Pertil provided no evidence that the warden or BOP ever received or considered his compassionate release request. Because the district court did not rely on the Government's unsupported factual allegation that the BOP never received Pertil's request for compassionate release, we reject Pertil's argument that the district court did.[1]

---

[1] We further note that the relevant federal regulation states that an inmate's request for compassionate release to the warden must contain the following information:

(1)     The extraordinary or compelling circumstances that the inmate believes warrant consideration.

(2)     Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.

28 C.F.R. § 571.61(a). Here, Pertil's alleged request for compassionate release did not include a proposed release plan; it merely states that, due to his medical conditions, he is at risk of serious illness from COVID-19 and that he would not pose a danger to the community were he to be released. Pertil's failure to comply with the relevant regulation for compassionate release requests provides further support for our conclusion that the district court did not err by concluding that Pertil failed to exhaust his administrative remedies.

6                     Opinion of the Court                  21-12652

Because we conclude that the district court did not err by denying Pertil's motion for compassionate release based on his failure to exhaust his administrative remedies, we need not reach the Government's alternative arguments regarding the merits of Pertil's motion.  Accordingly, the district court's denial of Pertil's compassionate release motion is

**AFFIRMED.**